WELLS v. CEYLON PERFUME CO.

(Circuit Court, S. D. New York. December 1, 1900.)

TRADE-MARKS—SUIT FOR INFRINGEMENT—BASIS OF LIABILITY.

Plaintiff was the proprietor of "Rough on Rats," a powder sold in boxes, and used for the killing of vermin, and had registered as a trade-mark the words "Rough on" as applied to vermin exterminators and medicinal preparations. *Held*, that the sale by defendant of a liquid in bottles under the name of "Rough on Skeeters" did not render it liable as an infringer, the article being wholly unlike any preparation sold by plaintiff, and one which could not be mistaken therefor, so as to create unfair competition.

In Equity. Suit for infringement of trade-mark.

Herbert Knight, for plaintiff.
Henry S. Wardner, for defendant.

WHEELER, District Judge. The plaintiff is the proprietor of "Rough on Rats," a yellowish brown poisonous powder, long sold

in boxes, for killing vermin, with directions for use in four languages, "for rats and mice; for roaches, water bugs, ants, etc.; for flies, mosquitoes, etc." The defendant has put up and sold "Rough on Skeeters," a transparent orange-colored liquid, in colorless glass bottles, which has an odor obnoxious to mosquitoes, and is useful in driving them away. The plaintiff has a trade-mark for the words "Rough on," as applied to vermin exterminators, and medicinal preparations, but has never applied "Rough on Mosquitoes" or "Rough on Skeeters" to any of his wares. The suit is brought upon the plaintiff's right to the exclusive use of the words "Rough on" in this business, and has been heard upon agreed statements of fact, from which these prominent ones have been deduced. The foundation of liability in such cases is palming off somehow the wares of one person as those of another, or doing what is likely to accomplish this. Without such accomplishment or likelihood, the liability is not made out. Manufacturing Co. v. Read (C. C.) 47 Fed. 712. Here the plaintiff was not putting up anything when the defendant began that the "Rough on Skeeters" could be mistaken for. The most that the use of these words could do in that direction would be to indicate that plaintiff had brought out something new for mosquitoes, which he had not. Nobody would think it was "Rough on Rats," which was the only thing he had alluding to mosquitoes before. "Rough on Skeeters" had to stand on its own merits as a repellent of mosquitoes. It would not go as "Rough on Rats," for it was not, and was not in any way made to appear to be, like that preparation; and it would not go as anything else that the plaintiff had, for he had nothing else that it could be taken for. Bill dismissed.